[No. A132159. First Dist., Div. Four. July 18, 2012.]

In re C.W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
C.W., Defendant and Appellant.

## COUNSEL

Jenny Chi-Chin Huang, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SEPULVEDA, J.**[*]—C.W. appeals an order declaring her a ward of the court. Although she was eligible for the statutory deferred entry of judgment (DEJ) program (Welf. & Inst. Code,[1] § 790 et seq.), there is no indication in the record that she, her parent or guardian, or her counsel was ever given notice of that fact. The applicable statutes and rules of court require the juvenile court to give such notice, and to consider the minor's suitability for DEJ before entering a dispositional order. Because these requirements were not followed in this case, we vacate the juvenile court's findings and dispositional order, and remand for further proceedings.

---

[*]Retired Associate Justice of the Court of Appeal, First Appellate District, Division 4, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All undesignated statutory references are to the Welfare and Institutions Code.

## I. BACKGROUND

The Contra Costa County District Attorney filed a petition pursuant to section 602 on July 14, 2010, alleging C.W. had committed five felony counts of second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b)) at the Macy's store in Antioch. On that same date, the district attorney filed a "Determination of Eligibility, Deferred Entry of Judgment—Juvenile" (form JV-750) statement. The district attorney checked all of the boxes indicating that C.W. was eligible for DEJ, but did not check the box indicating that a "Citation and Written Notification for Deferred Entry of Judgment—Juvenile" (form JV-751) was attached.

At C.W.'s first court appearance on July 28, 2010, the juvenile court referred her to the public defender.[2] There was no mention of C.W.'s DEJ eligibility at this or any subsequent hearing. On August 4, 2010, C.W., now represented by the public defender, waived formal arraignment and denied the allegations in the petition. At the request of C.W.'s counsel, the court set the matter for a pretrial conference. At the September 1, 2010 pretrial hearing, the juvenile court granted the request of C.W.'s counsel for a continuance to allow time to review a pending offer with the minor. At a hearing on September 28, 2010, the juvenile court granted the request of C.W.'s counsel for a further continuance to allow time for investigation and possible plea.

On October 27, 2010, C.W.'s counsel advised the court that there was "an outstanding offer" in the case that "involves pleading to some things, other things being dismissed, but agreeing to make restitution on those other things." At a hearing on November 17, 2010, C.W.'s counsel reported that the case was being assigned to another public defender; counsel also advised the court that he was still "in the process of obtaining a number of discovery items, including surveillance videos." On December 14, 2010, the court granted the request of C.W.'s newly assigned public defender for an additional continuance because the surveillance videotapes had not yet been received.

On January 12, 2011, a public defender who was appearing on behalf of C.W.'s newly assigned counsel, reported that copies of the surveillance videotapes had been received, but C.W. had not yet reviewed them with her attorney. At a hearing on February 1, 2011, C.W.'s counsel indicated that C.W. had reviewed the videotapes, and that the matter should be set for a contested jurisdictional hearing.

On March 9, 2011, the juvenile court sustained four of the five commercial burglary counts, dismissing one count as not true. At the May 17, 2011

---

[2] On our own motion, we augmented the record with the transcript from the July 28, 2010 hearing. (See Cal. Rules of Court, rules 8.407(b), 8.410(b)(1).)

dispositional hearing, the juvenile court adjudged C.W. a ward of the court and ordered that she spend a weekend (June 3–5, 2011) in juvenile hall, after which she was ordered to reside with her aunt. The court also imposed various conditions of probation.

## II.  DISCUSSION

C.W.'s primary contention on appeal is that the juvenile court failed to exercise its discretion to determine whether she was suitable for DEJ. The Attorney General does not dispute that the court failed to determine whether DEJ would be a suitable disposition for C.W., but argues that no such determination was required in this case because C.W. never admitted the petition. We begin our analysis by setting forth the substantive and procedural requirements for granting DEJ.

■  The DEJ provisions of section 790 et seq. "provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558 [133 Cal.Rptr.2d 544].)

■  The determination of whether to grant DEJ requires consideration of "two distinct essential elements of the [DEJ] program," viz., "eligibility" and "suitability." (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607, fn. 10 [131 Cal.Rptr.2d 160], italics omitted.) Under section 790, the prosecuting attorney is required to determine whether the minor is eligible for DEJ. Upon determining that a minor is eligible for DEJ, the prosecuting attorney "shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and his or her attorney." (§ 790, subd. (b).) The form designed for this purpose is a form JV-750, the completion of which requires the prosecutor to indicate findings as to the eligibility requirements by checking, or not checking, corresponding boxes. (Cal. Rules of Court, rule 5.800(b).) If a minor is found eligible for DEJ, form JV-751, entitled "Citation and Written Notification for Deferred Entry of Judgment— Juvenile," is used to notify the minor and his or her parent or guardian. There is a box to check on the form JV-750 indicating that the form JV-751 is attached.

■ In addition, the prosecutor's "written notification to the minor" of the minor's eligibility must include, inter alia, "[a] full description of the procedures for deferred entry of judgment" (§ 791, subd. (a)(1)) and "[a] clear statement that, in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained in the petition and waives time for the pronouncement of judgment" (§ 791, subd. (a)(3)).

■ Once the threshold determination of eligibility is made, the juvenile trial court has the ultimate discretion to rule on the minor's suitability for DEJ. (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123 [48 Cal.Rptr.3d 581] (*Luis B.*).) Suitability for DEJ is within the court's discretion after consideration of the factors specified by statute and rule of court, and based upon the standard of whether the minor will derive benefit from " ' " 'education, treatment, and rehabilitation' " ' " rather than a more restrictive commitment. (*Id.* at p. 1123.)

Here, the parties agree that the prosecuting attorney filed with the wardship petition, a form JV-750 in which he stated he had determined C.W. was eligible for DEJ. The prosecutor, however, did not check the box that form JV-751 was attached, and failed to otherwise notify C.W. of the detailed advisements required by section 791, subdivision (a)(1) through (6). Furthermore, the court failed to notify C.W.'s custodial parent/guardian of C.W.'s eligibility for DEJ pursuant to section 792.

■ Nevertheless, the Attorney General argues that because there is no affirmative evidence in the record C.W. did *not* receive notice of her DEJ eligibility, she must be presumed to have received such notice. In support of this assertion, the Attorney General cites the statutory presumption "that official duty has been regularly performed" (Evid. Code, § 664) and the maxim that a lower court's orders are presumed correct as to matters on which the record is silent. (See, e.g., *In re Julian R.* (2009) 47 Cal.4th 487, 498–499 [97 Cal.Rptr.3d 790, 213 P.3d 125] [where record does not expressly reflect juvenile court's consideration whether minor should be sentenced to lower maximum term than authorized for adults, appellate court should presume that juvenile court followed law requiring such consideration].)

Here, however, we do not have a completely silent record. Rather, the record affirmatively reflects that the prosecuting attorney did not check the box indicating that a citation and notification regarding DEJ (form JV-751) was attached. Moreover, no form JV-751 appears in the record, nor is there any evidence that the juvenile court served C.W. and her parent or guardian with such a form, as required by California Rules of Court, rule 5.800(c).

Likewise, DEJ was never mentioned at any of the hearings. In our view, the existence of these omissions, in the context of an otherwise complete record, is sufficient to rebut the presumption that C.W. was properly advised of her DEJ eligibility either by the prosecutor or by the juvenile court. (Cf. *People v. Sullivan* (2007) 151 Cal.App.4th 524, 548–551 [59 Cal.Rptr.3d 876] [where transcript regarding criminal defendant's self-representation motion was missing, appellate court presumed defendant given required advisements, but where record was otherwise complete and failed to show defendant was readvised about self-representation, presumption did not apply].)

The Attorney General counters these glaring deficiencies in the record by noting that C.W. was represented by a delinquency practitioner. Based on this fact, the Attorney General argues we must presume that C.W.'s counsel was aware, and informed C.W., that the prosecutor had determined she was DEJ-eligible. (See *People v. Sullivan, supra*, 151 Cal.App.4th at p. 549 [" 'Court and counsel are presumed to have done their duty in the absence of proof to the contrary.' [Citations.]")

■ As the Attorney General implicitly acknowledges, however, *if* C.W.'s trial counsel did *not* advise her regarding her DEJ eligibility before she proceeded to the contested jurisdictional hearing, that omission could constitute a ground for a habeas corpus petition asserting ineffective assistance of counsel. In the interest of judicial economy, it is both appropriate and preferable for us to consider the matter on direct appeal. (See *In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1323 [98 Cal.Rptr.3d 477] [minor's equal protection claim should be addressed on the merits, even though not raised below, as it could "return as a habeas corpus petition alleging ineffective assistance of counsel"].)

■ C.W. contends the juvenile court failed to exercise its discretion when it did not determine her suitability for DEJ. She relies primarily on *Luis B.*, *supra*, 142 Cal.App.4th 1117. There, the juvenile court found after a contested jurisdictional hearing that the minor had committed certain offenses, including a felony. (*Id.* at p. 1120.) The prosecutor failed to determine whether the minor was eligible for DEJ and provide notice, and the juvenile court did not conduct an inquiry into his suitability. (*Id.* at p. 1123.) The court concluded—and the Attorney General conceded—that failure to consider the minor for DEJ was error. (*Id.* at p. 1121.) In reaching this conclusion, the court noted that the trial court has ultimate discretion to rule on the suitability of the minor for DEJ, and stated: "The court may grant DEJ to the minor summarily under appropriate circumstances [citation], and if not must conduct a hearing at which 'the court *shall* consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other

interested parties.' [Citation.] While the court retains discretion to deny DEJ to an eligible minor, *the duty of the prosecuting attorney to assess the eligibility of the minor for DEJ and furnish notice with the petition is mandatory, as is the duty of the juvenile court to either summarily grant DEJ or examine the record, conduct a hearing, and make 'the final determination* regarding education, treatment, and rehabilitation . . . .' [Citations.] . . . The court is not required to ultimately grant DEJ, but is required to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made. [Citation.]" (*Luis B., supra,* 142 Cal.App.4th at p. 1123, second italics added.)

■ Here, the Attorney General suggests that the juvenile court was not required to make a threshold suitability determination in this case because C.W. never admitted any allegations in the petition. In support of this position, the Attorney General relies on *In re Kenneth J.* (2008) 158 Cal.App.4th 973 [70 Cal.Rptr.3d 352] and *In re Usef S.* (2008) 160 Cal.App.4th 276 [72 Cal.Rptr.3d 612]. In those cases, however, the minors were given notice that they were eligible for DEJ but would be considered for it only if they admitted the allegations of the petition. (See *Kenneth J., supra,* at pp. 978–980; *Usef S., supra,* at pp. 283–284, 286.) Thus, *Kenneth J.* and *Usef S.* stand for the proposition that a juvenile court is excused from its statutory duty to determine a DEJ-eligible minor's suitability for DEJ if the minor—after receiving notice of his or her DEJ eligibility—nonetheless rejects the possibility of DEJ by contesting the charges. Here, as discussed, there is no evidence whatsoever in the record on appeal that C.W. was ever advised of her eligibility for DEJ at any point in the proceedings. Thus, unlike in *Kenneth J.* and *Usef S.,* it cannot be said that C.W. chose not to pursue DEJ, as there is no indication that she was aware of her eligibility for it. Consequently, the juvenile court in this case was not excused from the mandatory statutory duty to consider whether C.W. was suitable for DEJ.

■ In sum, because the juvenile court did not conduct the necessary inquiry into C.W.'s suitability for DEJ, we will set aside its findings and dispositional order, and remand the case for further proceedings in compliance with the statutory scheme. (See *Luis B., supra,* 142 Cal.App.4th at pp. 1123–1124.) This result makes it unnecessary for us to address the other contentions C.W. raises on appeal. (*Id.* at p. 1124, fn. 4.)

### III.   DISPOSITION

We set aside the juvenile court's findings and dispositional order. The matter is remanded for further proceedings in compliance with section 790 et seq. and California Rules of Court, rule 5.800, including notice to the minor of her eligibility for deferred entry of judgment, as required by section 791.

If, as a result of those proceedings, the minor elects DEJ, the juvenile court shall exercise its discretion regarding whether or not to grant the minor DEJ. The trial court is further directed to enter the minor's maximum term of confinement—which the parties stipulate is five years—in any subsequent dispositional order.

Reardon, Acting P. J., and Rivera, J., concurred.

A petition for a rehearing was denied August 15, 2012, and the opinion was modified to read as printed above.