Filed 9/19/13  In re Jorge V. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| In re JORGE V., a Person Coming Under the Juvenile Court Law. | |
| | D063338 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J232541) |
| v. | |
| JORGE V., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Reversed and remanded.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Jorge V. entered a negotiated admission to importing heroin into California (Health & Saf. Code, § 11352, subd. (a)).  The juvenile court adjudged him a ward and ordered him committed

him to Camp Barrett for 365 days. Jorge appeals, contending he was denied due process because the prosecutor and the court did not comply with the required procedure for deferred entry of judgment and the court followed a sentencing policy rather than making an individualized decision regarding the disposition. The People concede both points.

The prosecutor determined that Jorge was eligible for deferred entry of judgment but did not give him written notification (Welf. & Inst. Code, §§ 790, subd. (b) & 791, subd. (a)) and did not file the required determination of eligibility form (Cal. Rules of Court, rule 5.800(b)(1); Welf. & Inst. Code, § 790, subd. (b)). (*In re C.W.* (2012) 208 Cal.App.4th 654, 659-660.) The court did not give notice to Jorge and his parents and did not hold a hearing regarding deferred entry of judgment. (Welf. & Inst. Code, § 792; Cal. Rules of Court, rule 5.800(c); *In re C.W.,* at pp. 660, 662; *In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123.) The true finding and dispositional judgment must therefore be reversed. (*In re C.W.,* at p. 662; *In re Luis B.,* at p. 1123.) We remand the case to the juvenile court for proceedings complying with Welfare and Institutions Code section 790 et seq. and California Rules of Court, rule 5.800.

## DISPOSITION

The true finding and the dispositional judgment are reversed. The case is remanded to the juvenile court for proceedings complying with Welfare and Institutions Code section 790 et seq. and California Rules of Court, rule 5.800.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


McDONALD, J.