Filed 9/24/13  In re Andres R. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re ANDRES R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | G048028 |
| Plaintiff and Respondent, | (Super. Ct. No. DL043748) |
| v. | O P I N I O N |
| ANDRES R., | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Cheryl L. Leininger, Judge.  Affirmed.

Meldie M. Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*         \*         \*

*Introduction*

The juvenile court declared defendant Andres R. a ward of the court under Welfare and Institutions Code section 602, after Andres admitted he committed the felony offense of first degree residential burglary. We appointed counsel to represent Andres on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel suggests we consider whether the juvenile court properly denied Andres's motion for deferred entry of judgment, brought pursuant to Welfare and Institutions Code section 790.

On July 12, 2013, this court provided Andres with 30 days to file written argument on his own behalf. That period of time has passed, and we have received no communication from him.

We have examined the entire record and counsel's *Wende* brief, and find no arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

*Background*

In November 2012, a petition was filed in the juvenile court under section 602 of the Welfare and Institutions Code, alleging Andres committed one count of first degree residential burglary in violation of Penal Code sections 459 and 460, subdivision (a). The petition further alleged that offense came within the meaning of Penal Code section 462, subdivision (a).[1]

---

[1] Penal Code section 462, subdivision (a) provides: "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any person who is convicted of a burglary of an inhabited dwelling house or trailer coach as defined in Section 635 of the Vehicle Code, an inhabited floating home as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, or the inhabited portion of any other building."

2

On December 20, 2012, Andres admitted that on November 19, 2012, he "unlawfully entered the residence of Francisco Rodriguez with the intent to steal when [he] jumped the wall into his backyard then forcibly removed a window screen and entered his house." The juvenile court found the allegations of the petition true beyond a reasonable doubt and ordered Andres declared a ward of the Orange County Juvenile Court under Welfare and Institutions Code section 602. The court sentenced Andres to formal probation with conditions that included Andres serving 127 days in juvenile hall.

*Analysis of Potential Issue*

Appointed counsel suggests we consider the possible issue whether the juvenile court properly denied Andres's motion for deferred entry of judgment (DEJ) under Welfare and Institutions Code section 790.

There are "two distinct essential elements of the deferred entry of judgment program: the first, *eligibility*, which is found if all of 'circumstances' listed in [Welfare and Institutions Code] section 790, subdivision (a) are present; and the second, *suitability*, which requires a finding by the court that the minor will benefit from 'education, treatment, and rehabilitation,' and is based upon the factors specified in [California Rules of Court,] rule 1495(d)(3)[2] and [Welfare and Institutions Code] section 791, subdivision (b)." (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607, fn. 10.) Here, pursuant to the procedures set forth in Welfare and Institutions Code section 790, subdivision (b), the prosecuting attorney filed a declaration in the juvenile court, asserting that Andres was eligible for DEJ because all of the circumstances listed in section 790, subdivision (a) were present.[3]

---

[2] California Rules of Court, rule 5.800 is now the applicable rule.

[3] The circumstances listed in Welfare and Institutions Code section 790, subdivision (a) are: "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. [¶] (3) The minor has not

"Once the threshold determination of eligibility is made, the juvenile trial court has the ultimate discretion to rule on the minor's suitability for DEJ. [Citation.] Suitability for DEJ is within the court's discretion after consideration of the factors specified by statute and rule of court, and based upon the standard of whether the minor will derive benefit from """"education, treatment, and rehabilitation""""" rather than a more restrictive commitment. [Citation.]" (*In re C.W.* (2012) 208 Cal.App.4th 654, 660.)

Rule 5.800(d)(3) of the California Rules of Court states that "[w]hen appropriate, the court may order the probation department to prepare a report with recommendations on the suitability of the child for deferred entry of judgment or set a hearing on the matter, with or without the order to the probation department for a report." Rule 5.800(d)(3)(A)(ii) and (ii) further states the probation report must address "[t]he child's age, maturity, educational background, family relationships, motivation, any treatment history, and any other relevant factors regarding the benefit the child would derive from education, treatment, and rehabilitation efforts" and "[t]he programs best suited to assist the child and the child's family." Welfare and Institutions Code section 791, subdivision (b), similarly provides, in part: "When directed by the court, the probation department shall make an investigation and take into consideration the defendant's age, maturity, educational background, family relationships, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefited by education, treatment, or rehabilitation."

previously been committed to the custody of the Youth Authority. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code."

4

Here, pursuant to the juvenile court's order, the Orange County Probation Department filed a DEJ suitability report (the report) that included the recommendation the court find then 17-year-old Andres not suitable for DEJ.  The report stated, inter alia, "[g]iven the minor's admitted polysubstance use, lack of motivation towards completing his education and negative peer association, it is felt he is in dire need of court intervention.  He is at high risk for continued substance abuse and requires structured intervention to address his long-term rehabilitation."  The report further stated:  "In considering the minor's suitability for DEJ, during the Probation interview, he presented as a fairly mature individual capable of understanding the inappropriateness of his behavior and that there are consequences for such.  Information obtained regarding his education revealed he has not completed the requirements for a high school diploma, having earned 107.50 credits with a GPA of 1.15.  The minor has a history of behavioral issues and was placed on informal sanctions for truancy with the Probation Department. The minor has engaged in illegal substance abuse.  Although the parents feel they have some supervision and control at this time, it appears they could benefit from the support provided by court intervention.  The minor is not known to have participated in any form of counseling."

The juvenile court stated on the record that the court had reviewed the report and received it into evidence and denied Andres's motion for DEJ because it was not appropriate in this particular case.

Nothing in the record suggests the juvenile court abused its discretion in denying Andres's motion for DEJ.  The court considered the report, was aware of its discretion, and acted well within its broad discretion when it accepted the recommendation of the Orange County Probation Department and found Andres was unsuitable for DEJ.  We find no arguable issue the juvenile court erred in denying Andres's motion or in any other respect.

5

*Disposition*

The order is affirmed.


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


THOMPSON, J.