Filed 11/23/15; pub. order 12/10/15 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re TRENTON D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRENTON D.,<br><br>    Defendant and Appellant. | A144070<br><br>(Contra Costa County<br>Super. Ct. No. J13-00608) |

Appellant Trenton D. was adjudged a ward of the juvenile court and committed to a rehabilitation facility for six months after the court sustained an allegation that he had committed the offense of being a minor in possession of a firearm. Trenton does not challenge the evidence supporting the court's jurisdictional or dispositional findings, but he contends that he received insufficient notice of his eligibility for a deferred entry of judgment (DEJ). (Welf. & Inst. Code, § 790 et seq.)[1] We agree and therefore reverse and remand for further proceedings. We also correct the dispositional order to include an additional three days of predisposition credit.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

These proceedings were initiated in July 2013 when a juvenile wardship petition was filed under section 602 alleging that Trenton committed petty theft and other crimes. Under a negotiated disposition, the juvenile court sustained amended misdemeanor allegations that Trenton committed second degree commercial burglary (Pen. Code, §§ 459, 460, subd. (b)), possessed a zip gun (*id.*, §33600), and possessed ammunition (*id.*, § 29650); the remaining counts were dismissed. Trenton was adjudged a ward of the court and placed on probation in his mother's home.

A supplemental wardship petition was filed in November 2014 alleging that Trenton had committed one felony count of discharging a firearm with gross negligence. Attachments to the petition show that the petition implicated the provisions of section 790 et sequitur, part of "The Gang Violence and Juvenile Crime Prevention Act of 1998" enacted with the adoption of Proposition 21 in March 2000. (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.) "The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Ibid.*)

A juvenile is eligible for a DEJ if (1) the minor has not previously been adjudged a ward of the court for the commission of a felony offense, (2) the charged offense is not listed in section 707, subdivision (2), (3) the minor has not previously been committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities, (4) probation has never been revoked for the minor without having been completed, (5) the minor is at least 14 years old, (6) the minor is eligible for probation under Penal

Code section 1203.06, and (7) the charged offense is not rape or other specified sexual offenses.  (§ 790, subd. (a).)  The prosecuting attorney "shall" review the file to determine whether the minor is eligible for a DEJ, and if the minor is found to be eligible, inform the court and the minor of the "grounds upon which the determination is based" (§ 790, subd. (b)) by filing Judicial Council form JV-750 (Determination of Eligibility—Deferred Entry of Judgment—Juvenile).  (Cal. Rules of Court, rule 5.800(b)(1).)  It is undisputed that Trenton was eligible for a DEJ and that the prosecuting attorney filed a form JV-750.

Under section 791, subdivision (a), the prosecuting attorney's written notification to the minor was required to include all of the following information:

"(1) A full description of the procedures for deferred entry of judgment.

"(2) A general explanation of the roles and authorities of the probation department, the prosecuting attorney, the program, and the court in that process.

"(3) A clear statement that, in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained in the petition and waives time for the pronouncement of judgment, and that upon the successful completion of the terms of probation . . . the court shall dismiss the charge or charges against the minor.

"(4) A clear statement that upon any failure of the minor to comply with the terms of probation, . . . the prosecuting attorney or the probation department, or the court on its own, may make a motion to the court for entry of judgment and the court shall render a finding that the minor is a ward of the court pursuant to Section 602 for the offenses specified in the original petition and shall schedule a dispositional hearing.

"(5) An explanation of record retention and disposition resulting from participation in the deferred entry of judgment program and the minor's rights relative to answering questions about his or her arrest and deferred entry of judgment following successful completion of the program.

3

"(6) A statement that if the minor fails to comply with the terms of the program and judgment is entered, the offense may serve as a basis for a finding of unfitness pursuant to subdivision (d) of Section 707, if the minor commits two subsequent felony offenses."

This information is preprinted on the second page of the two-page Judicial Counsel form JV-751 (Citation and Written Notification for Deferred Entry of Judgment—Juvenile).[2] The record here, however, includes only the first page of the form. This page includes standard language that "[t]he district attorney has determined that this youth is eligible to be considered by the juvenile court for a deferred entry of judgment on the offense or offenses alleged in the petition . . . ." Although Trenton's name and the case number were printed on the first page, no other information was written in the spaces provided for additional information. Left blank are spaces designated to include the names and addresses of the minor's parents or guardians, and for including information about a court hearing for the consideration of a DEJ.

In addition to the incompleteness of form JV-751, there is no indication in the record that it was properly served. California Rules of Court, rule 5.800(c) provides that the court must issue form JV-751 to the child's custodial parent, guardian, or foster parent, and the form "must be personally served on the custodial adult at least 24 hours before the time set for the appearance hearing."

The day after the supplemental petition was filed, Trenton appeared for an arraignment, where he was represented by counsel and accompanied by his mother. The juvenile court asked Trenton's lawyer if she had received her "packet" for the hearing, and the attorney responded that she had. The attorney waived a formal reading and advisement of rights and entered a plea of not guilty. The court ordered Trenton detained

---

[2] On the court's own motion, we take judicial notice of form JV-751, available on the judicial branch's website. (<http://www.courts.ca.gov/documents/jv751> [as of November 23, 2015]; Evid. Code, § 452, subd. (c) [permissive judicial notice for "[o]fficial acts of the . . . judicial departments" of any state]; *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 904, fn. 5 [judicial notice of Judicial Council forms].)

outside the home and scheduled a contested jurisdictional hearing, with no time waiver. There was no discussion at the hearing about the possibility of a DEJ.

Following a contested jurisdictional hearing, the juvenile court sustained an amended felony count against Trenton for being a minor in possession of a firearm (Pen. Code, § 29610) and dismissed the original count. The court continued Trenton as a ward of the court at the dispositional hearing on January 5, 2015, and committed him to a rehabilitation facility for a period of six months. Trenton was awarded 43 days of custody credit.

## II.
### DISCUSSION

A. *The Case Must Be Remanded for a Determination Whether Trenton Is Eligible for a Deferred Entry of Judgment.*

Trenton argues that the juvenile court erred by failing to conduct a hearing into his eligibility for a DEJ. We agree that the DEJ statutory procedures were not followed.

After a minor is properly notified of his or her eligibility for a DEJ, the juvenile court has a duty to evaluate whether the minor is suitable for one. "If the minor consents and waives his or her right to a speedy jurisdictional hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment if the minor admits the charges in the petition and waives time for the pronouncement of judgment." (§ 791, subd. (b).) The Attorney General does not dispute that the juvenile court failed to determine whether a DEJ would be a suitable disposition for Trenton, but she argues that the court was excused from doing so because Trenton contested the charges against him. It is true that a juvenile court is not required to rule on a minor's possible suitability for a DEJ where the minor is *properly advised* of his or her DEJ eligibility and fails to admit the charges or waive the jurisdictional hearing because such a failure amounts to a rejection of the DEJ's expedited procedure. (*In re Usef S.* (2008) 160 Cal.App.4th 276, 283, 286; *In re Kenneth J.* (2008) 158 Cal.App.4th 973, 979-980.)

But where, as here, the minor is not properly notified of DEJ procedures, the juvenile court may not fail to consider the minor's suitability. This case shares unfortunate similarities with *In re C.W.* (2012) 208 Cal.App.4th 654 (*C.W.*), in which

5

Division Four of this court considered an appeal of an order from the same county. In *C.W.*, the prosecutor filed a form JV-750 with the wardship petition stating he had determined C.W. was eligible for a DEJ, but the prosecutor failed to file a form JV-751 and "failed to otherwise notify C.W. of the detailed advisements required by section 791, subdivision (a)(1) through (6)." (*Id.* at p. 660.) In *C.W.*, as here, the Attorney General argued that the court should presume the notification was provided to the minor and his parents (Evid. Code, § 664 [presumed that official duty regularly performed]). (*C.W.*, at p. 660.) The *C.W.* court rejected this argument, noting that "no form JV-751 appears in the record, nor is there any evidence that the juvenile court served C.W. and her parent or guardian with such a form, as required by California Rules of Court, rule 5.800(c). Likewise, a DEJ was never mentioned at any of the hearings. In our view, the existence of these omissions, in the context of an otherwise complete record, is sufficient to rebut the presumption that C.W. was properly advised of her DEJ eligibility either by the prosecutor or by the juvenile court." (*Id.* at pp. 660-661.)

The only difference between this case and *C.W.* is that the prosecutor here filed the first page of form JV-751. (Cf. *C.W.*, *supra*, 208 Cal.App.4th at p. 660.) But this first page was deficient even if the record were to show, which it does not, that the prosecutor provided Trenton and his mother with the second page of the form containing the detailed advisements required under section 791, subdivision (a).[3] Although the first page

---

[3] In *In re Joshua S.* (2011) 192 Cal.App.4th 670, Division Two of this court considered another appeal from this same county regarding DEJ procedures. The court noted it was "not clear from the record" why the second page of form JV-751 was missing but hinted that appellant might not have met his burden to provide the appellate court with a complete record on appeal. (*Id.* at p. 681, fn. 7.) The Attorney General here cites *Joshua S.* and chides Trenton for possibly not meeting his burden of providing this court with a complete appellate record. But there is nothing to suggest that the second page of form JV-751 exists and was left out of our otherwise complete appellate record as a result of inattentiveness. A form JV-751 filed in connection with a previous wardship petition filed in this case likewise fails to include a second page, making this at least the third time when the second page of the same form was missing in an appeal from this same county, a further indication that the fault for an omitted second page does not likely lie with Trenton.

6

informed Trenton that the district attorney had determined Trenton was eligible to be considered for a DEJ, there was no information about a scheduled hearing to consider his suitability.  The juvenile court is not required ultimately to grant a DEJ, but it "is required to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made." (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123.)  Where, as here, the prosecuting attorney files a determination of eligibility but the accompanying citation fails to provide notice of a date when a suitability hearing will be conducted, we cannot conclude that the juvenile court met its obligations.  (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1242, 1244-1245 [reversing dispositional order where DEJ hearing never scheduled];[4] see also *In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1323 [where prosecutor did not initiate procedure for court to consider DEJ, minor had no opportunity to admit petition's allegations and thus did not foreclose DEJ claim on appeal].)

Because the juvenile court did not conduct the necessary inquiry into Trenton's suitability for a DEJ, we set aside its findings and dispositional order and remand the case for further proceedings that comply with the statutory scheme.  (*C.W.*, *supra*, 208 Cal.App.4th at p. 662.)

---

[4] *In re D.L.* concluded that the failure to provide the minor with notice of when a DEJ hearing would take place amounted to a denial of due process because D.L. did not receive adequate notice or an opportunity to be heard, which "deprived [him] of fundamental procedural rights." (206 Cal.App.4th at p. 1245.)  Trenton likewise argues that insufficient notice here deprived him of his due process rights under the federal and California constitutions.  But *D.L.* simply assumed, without analysis, that a DEJ implicates a constitutionally protected liberty interest created by state law. (*Hicks v. Oklahoma* (1980) 447 U.S. 343, 346; *Sandin v. Conner* (1995) 515 U.S. 472, 480, 487 [state-created interest must be of "real substance," such as an action that "will inevitably affect the duration of [a] sentence"]; see also *Bonin v. Calderon* (9th Cir. 1995) 59 F.3d 815, 842 [state law can create a liberty interest when the law contains "(1) 'substantive predicates' governing official decisionmaking, and (2) 'explicitly mandatory language' specifying the outcome that must be reached if the substantive predicates have been met"].  Because we conclude that this matter must be remanded because the DEJ statutory procedures were not followed, we need not decide whether a DEJ involves a constitutionally protected liberty interest created by state law.

*B. Trenton Is Entitled to Additional Custody Credits.*

Trenton and the Attorney General agree that Trenton is entitled to three additional days of predisposition custody credit. This issue may now be moot given that Trenton's six-month term in custody has expired. Because we are remanding the case for another reason, and in the interest of accuracy, we shall order the dispositional order corrected to include the three additional days.

III.

DISPOSITION

We set aside the juvenile court's findings and dispositional order. The matter is remanded for further proceedings under Welfare and Institutions Code section 790 et sequitur and California Rules of Court, rule 5.800, including notice to Trenton of his eligibility for a deferred entry of judgment. If the minor elects a DEJ, the juvenile court shall exercise its discretion whether to grant Trenton a DEJ. If, as a result of those proceedings, the juvenile court grants a DEJ, it shall issue an order vacating the findings and orders. If the juvenile court denies a DEJ, it shall reinstate the jurisdictional and dispositional orders, subject to Trenton's right to have the denial of a DEJ reviewed on appeal. (*C.W.*, *supra*, 208 Cal.App.4th at pp. 662-663; *In re Luis B.*, *supra*, 142 Cal.App.4th at pp. 1123-1124.) Whatever the outcome on remand regarding a DEJ, the dispositional order is ordered amended to include three additional days of predisposition credit.

_____

Humes, P.J.

We concur:


_____

Margulies, J.


_____

Banke, J.

8

**CERTIFIED FOR PUBLICATION**
IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION ONE

| | |
|---|---|
| In re TRENTON D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TRENTON D.,<br><br>Defendant and Appellant. | A144070<br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT]<br><br>PUBLICATION REQUEST<br>GRANTED<br><br>(Contra Costa County<br>Super. Ct. No. J13-00608) |

BY THE COURT:

The opinion in the above-entitled matter filed on November 23, 2015, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

The opinion is modified on page 7 at footnote 4 as follows: (1) to add the signal "see also" immediately before *Sandin v. Conner* in line 8, (2) to delete the "see also" signal which immediately precedes *Bonin v. Calderon* in line 10, and (3) to insert a closed parenthesis after the period following the closed bracket in line 14.

This modification does not affect the order of the footnotes nor change the appellate judgment. (Cal. Rules of Court, rule 8.264(c)(2).)

Date_____        _____
                                          Presiding Justice

1

Trial Court:               Contra Costa County Superior Court

Trial Judge:               Honorable Rebecca C. Hardie

Counsel for Appellant:     Christopher Love

Counsel for Respondent:    Kamala D. Harris, Attorney General, Gerald A. Engler
                           and Jeffrey M. Laurence, Assistant Attorneys General,
                           Donna M. Provenzano and Ronald E. Niver, Deputy
                           Attorneys General for Plaintiff and Respondent.