Filed 5/3/22  In re Carlos C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Carlos C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CARLOS C.,<br><br>        Defendant and Appellant. | A162906<br><br><br>(Contra Costa County<br>Super. Ct. No. J2000426) |

Minor Carlos C. appeals an order declaring him a ward of the juvenile court (Welf. & Inst. Code, § 602)[1] following a contested jurisdiction hearing at which the juvenile court sustained allegations that he evaded peace officers by reckless driving (Veh. Code, § 2800.2, subd. (a)) and unlawful taking or driving a stolen vehicle (Veh. Code, § 10851, subd. (a)).  Carlos contends he was eligible for the statutory deferred entry of judgment (DEJ) program (Welf. & Inst. Code, § 790 et seq.) but that he was not given the statutorily required notice of eligibility and the juvenile court failed to consider his suitability for DEJ.  The People agree that he was eligible for DEJ, and the

---

        [1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

1

record does not reflect that he received notice of his eligibility. We conditionally reverse the juvenile court's findings and disposition order and remand for further proceedings.

## BACKGROUND

The Contra Costa County District Attorney filed a petition pursuant to Welfare and Institutions Code section 602 on August 3, 2020, alleging Carlos recklessly evaded a peace officer (Veh. Code, § 2800.2, subd. (a); count 1) and unlawfully drove or took a stolen vehicle (Veh. Code, § 10851, subd. (a); count 2). On the same day, the district attorney also filed Judicial Council Forms, form JV-750 (determination of eligibility, deferred entry of judgment—juvenile), and checked box 2a stating "youth is eligible." However, the district attorney did not check the box on form JV-750 indicating that notification had been provided by use of Judicial Council Forms, form JV-751 (citation and written notification for deferred entry of judgment—juvenile). Nor does the record include a copy of form JV-151 or any indication that Carlos was ever notified that he was eligible for DEJ.

The juvenile court held a contested jurisdiction hearing at which George L. testified that on the morning of April 18, 2020, he came out of his home in Berkeley and discovered his Audi was missing.[2] He reported the car stolen and that his keys were also missing. California Highway Patrol Officer Anderson testified that about 1:00 or 2:00 a.m. on April 19, 2020, he saw an Audi traveling approximately 100 miles an hour on I-80 in Pinole.

---

[2] In the reporter's transcript, George L. was asked about "the morning of April 18th, 2018," and he responded that he came out of his house and noticed his car was missing. Carlos's opening brief states that either the district attorney or the court reporter incorrectly stated the year as 2018. This discrepancy is not relevant to our analysis. We assume the correct year is 2020, as Carlos states.

Officer Anderson ran the license plate number and learned the car was stolen. Officer Anderson activated his patrol car's lights and siren and started following the Audi. The driver appeared to slow down at first but then sped up, evading the officer for approximately seven and a half miles at speeds ranging from 75 to 130 miles per hour and cutting across lanes of traffic. The driver, Carlos, eventually pulled over, and at that point, he and the other occupants of the car complied with the officer's instructions. A video from the officer's camera confirmed the officer's description of Carlos's erratic driving.

The juvenile court found the allegations true and sustained the petition. The juvenile court granted Carlos's motion to reduce count 2 to a misdemeanor but denied his request to reduce count 1 to a misdemeanor, stating it would reconsider the request upon his completion of probation. Carlos was adjudged a ward of the court with no termination date, and he was ordered to reside with his parents while on probation.

## DISCUSSION

As explained in *In re C.W.* (2012) 208 Cal.App.4th 654, the DEJ provisions of section 790 et seq. " 'provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)' [Citation.]" (*In re C.W., supra*, 208 Cal.App.4th at p. 659.)

3

The granting of DEJ is a two-step process. (*In re C.W., supra*, 208 Cal.App.4th at p. 659.) Under section 790, the prosecuting attorney determines whether the minor is eligible, and "shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and their attorney." (§ 790, subd. (b).) Judicial Council Forms, form JV-750, is designed for this purpose. (*In re C.W.*, at p. 659.) If the minor is eligible for DEJ, Judicial Council Forms, form JV-751, is used to notify the minor and his or her parent or guardian. (*In re C.W.*, at p. 659.) The prosecutor's "written notification to the minor" must include "[a] full description of the procedures for deferred entry of judgment" (§ 791, subd. (a)(1)) and "[a] clear statement that, in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained in the petition and waives time for the pronouncement of judgment." (§ 791, subd. (a)(3).)

"Once the threshold determination of eligibility is made, the juvenile trial court has ultimate discretion to rule on the minor's suitability for DEJ. [Citation.]" (*In re C.W., supra*, 208 Cal.App.4th at p. 660.) "Under appropriate circumstances, the court may summarily grant DEJ to the minor. [Citations.] If the court does not summarily grant DEJ, it must conduct a hearing at which it must 'consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties.' [Citation.] It is the mandatory duty of the juvenile court to either grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ, based upon whether the

4

minor will derive benefit from 'education, treatment, and rehabilitation.' [Citations.] While the court is not required to grant DEJ, it is required to 'follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made.' [Citation.]" (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1243–1244, fn. omitted.)

The parties agree that Carlos was eligible for DEJ. Indeed, the district attorney filed Judicial Council Forms, form JV-750, stating as much. They also agree there is no evidence that Carlos was provided notice of his eligibility. The record does not contain Judicial Council Forms, form JV-751, and there is no mention of DEJ during the juvenile court proceedings. Nor did the juvenile court ever undertake its mandatory duty "to either grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ, based upon whether the minor will derive benefit from 'education, treatment, and rehabilitation.' " (*In re D.L., supra*, 206 Cal.App.4th at p. 1243.) The People concede the matter should be remanded to remedy the defect in notification of eligibility and hold further proceedings consistent with section 790 et seq.

The DEJ procedure is designed to replace the jurisdiction and disposition hearings. Accordingly, we conditionally vacate the orders from those hearings and remand for further proceedings consistent with section 790 et seq. and rule 5.800 of the California Rules of Court. (*In re C.W., supra*, 208 Cal.App.4th at p. 662.)

## DISPOSITION

We set aside the juvenile court's findings and disposition order. The matter is remanded for further proceedings under section 790 et seq. and California Rules of Court, rule 5.800, including notice to Carlos of his

5

eligibility for a DEJ.  If Carlos elects a DEJ, the juvenile court shall exercise its discretion whether to grant him a DEJ.  If, as a result of those proceedings, the juvenile court grants a DEJ, it shall issue an order vacating the findings and orders.  If the juvenile court denies DEJ to Carlos, it shall reinstate the jurisdiction and disposition orders, subject to his right to have the denial of a DEJ reviewed on appeal.

_____

Jackson, P. J.

WE CONCUR:

_____

Simons, J.

_____

Needham, J.

A162906/*People v. Carlos C.*

6