Filed 11/12/24  In re S.M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>S.M.,<br><br>    Defendant and Appellant. | F087638<br><br>(Super. Ct. No. 23JL-00130A)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Peña, J. and Snauffer, J.

Minor S.M. contends on appeal that the juvenile court's disposition order must be reversed and remanded because the court abused its discretion by finding her unsuitable for deferred entry of judgment (DEJ). The People disagree. We affirm.

## PROCEDURAL SUMMARY

On December 6, 2023, a first amended juvenile wardship petition was filed, pursuant to Welfare & Institutions Code[1] section 602, alleging minor had committed felony battery with serious bodily injury (Pen. Code, § 243, subd. (d); count 1).

On December 6, 2023, minor was determined to be eligible for DEJ. Minor admitted count 1. Defense counsel stated she was admitting the count for DEJ purposes.

On January 3, 2024, the probation department filed a report recommending minor be adjudged a ward of the court.

On January 26, 2024, minor filed a disposition memorandum requesting DEJ (§ 790).

On February 21, 2024, the juvenile court held a disposition hearing. The court found minor unsuitable for DEJ. Minor was adjudged a ward of the court. She was placed on probation for placement in her parents' home.

On February 21, 2024, minor filed a notice of appeal.

## FACTUAL SUMMARY[2]

"On October 24, 2023, at approximately 12:02 p.m., Merced County Sheriff Deputy De Los Santos was dispatched to Buhach Colony High School located at 1800 Buhach Road in Atwater for the report of a fight on campus.…. De Los Santos contacted the victims, [R.G., A.L., and M.O.,] who were accompanied by the school nurse. [R.G.] reported that [P.C.], the minor, and [K.S.] confronted her, [A.L.], and [M.O.]. It was reported that [P.C.] yelled 'f[***]ing scraps' and the minor called [R.G.] a 'b[****].' [K.S.] displayed the number four … with her fingers. [R.G.] reported she

---

[1]    All statutory references are to the Welfare & Institutions Code unless otherwise noted.

[2]    The underlying facts of the case are taken from the probation officer's report.

2.

was grabbed by her hair from behind and was punched in the face and head approximately [seven] times to which she lost consciousness. She reported that she tried to defend herself by trying to hit back. [R.G.] went to the hospital for minor injuries. [R.G.] reported that she had no prior knowledge of the suspects.

"[A.L.] recounted that the fight occurred at approximately 11:50 a.m. that day. She reported the minor confronted her by asking if she wanted to fight. [A.L.] reported that she also was taken to the ground by her hair and lost consciousness. [A.L.] denies knowing the suspects and denied gang involvement.

"[M.O.] corroborated [A.L.]'s account and reported she was punched in the head approximately [five] times and felt dizzy. [M.O.] explained that the minor told her she did not want them wearing blue and [M.O.] denied gang involvement.

"De Los Santos reviewed the video footage of that day. The video shows the victims walking north on the track. The minor is seen wearing a light-colored t-shirt, black shorts, and red hair. The minor approached the victims from behind with [K.S.] dressed in a long-sleeve green shirt, dark pants, and red hair. [P.C.] was dressed in a long-sleeved, dark-colored shirt with blue pants, and dark brown hair. She was alongside [K.S.] and the minor. The video shows the minor grabbed [A.L.] by the hair using both hands then dragged her to the ground. Once on the ground, the minor then hit [A.L.] approximately [14] times in the head and face using a clenched right hand.

"The minor was seen on camera dragging [A.L.]'s head into the concrete curb approximately [five] times. The minor began to punch [A.L.] in the face another [eight] times. The minor then grabbed [A.L.]'s hair and drove her head into the concrete curb [three] times then punched her approximately [eight] more times in the head.

"The minor held [A.L.] by her hair and kicked her on the head [five] times and kicked her [three] times and [six] additional times in the head, then the camera turned from her.

"The video showed [K.S.] grabbing [M.O.] by the hair with her left hand and hit her in the head with a closed fist which knocked her to the ground. [K.S.] hit [M.O.] in the head approximately [38] more times.

"The video showed [P.C.] pull [R.G.] by the hair then hit her [three] times with a closed fist. [P.C.] took [R.G.] to the ground by the hair

and hit her approximately [12] times and then kicked [R.G.] twice in the head.

"[P.C.] stood over [R.G.] and hit her approximately [13] more times on the head, then slammed her head on the hard track twice. [P.C.] then punched her [two] more times and walked away from her.

"The minor stated that the victims were talking 's[***]' about them and 'we don't take bullying.'

"During the incident, all [three] victims did not appear to fight back and appeared defenseless in the attack.

"[K.S.], [P.C.], and the minor were all booked into the Iris Garrett Juvenile Justice Correctional Complex."

## DISCUSSION

Minor contends the juvenile court abused its discretion by finding her unsuitable for DEJ. !(AOB 9–13)! The People disagree. We agree with the People.

### A.     Background

On December 6, 2023, minor admitted count 1 as alleged in the first amended wardship petition. Defense counsel stated she was admitting the count for DEJ purposes.

On January 9, 2024, the probation department filed its report.

In the report, minor stated regarding the offense, " 'I did not think [the incident] would cause me so much stress and mixed emotions just because I learned to stand up for myself. I'm thankful that my charges were not very harsh, and I hope to better myself for the future.' " She stated her future plans were " 'to do better and help out my community and hopefully become a certified nurse assistant to help the elders.' " The report stated minor's mother stated minor had good behavior at home, did not get into trouble, and helped around the house. Minor's mother further stated minor regretted what she did but was standing up to her bullies. When the incident occurred, minor had already been placed on a school attendance review board (SARB) contract for excessive absences.

The probation report stated that, although it was minor's first juvenile offense, the petition displayed "callousness" by minor, and that "[d]uring the intake interview with

4.

the minor, she did not express any remorse or voice that she made a mistake. She only stated that she was thankful that her charges were not very harsh." The report further noted the fight was unprovoked, despite minor's claims of bullying by the victims. The report concluded minor's criminal behavior was more sophisticated and warranted probation supervision as a ward of the court, rather than DEJ, to hold minor accountable for her actions. Accordingly, probation recommended minor be adjudged a ward of the court.

On January 26, 2024, minor filed a disposition memorandum requesting DEJ rather than wardship. She argued she was both eligible and suitable for DEJ because she would benefit from the education, treatment, and rehabilitation offered by DEJ. She contended the underlying offense was not criminally sophisticated because there was no indication of planning or scheming. She also argued that, by admitting to the offense, she was taking accountability and using this experience to reflect on her future.

On February 21, 2024, the juvenile court held the disposition hearing. Defense counsel argued that minor was suitable for DEJ because she would benefit from education, training, and rehabilitation. She further argued there was no sophistication because the offense happened during school hours and was a spur-of-the-moment offense with no planning, that the court could not find her unsuitable for DEJ for the purpose of deterring other youth from similar behavior, and that any gang undertones to the offense did not make her unsuitable for DEJ.

The prosecution submitted on the probation department's recommendation. The probation officer argued minor was unsuitable for DEJ based on the "overall brutal fight that she was involved in." She disputed defense counsel's assertion that there was no planning of the offense and argued minor failed to acknowledge any wrongdoing.

The juvenile court denied minor's request for DEJ. The court asked whether minor wanted to withdraw her admission to count 1, pursuant to the denial. Minor chose not to do so. The court stated that it found minor's offense to be "extraordinarily

violent." Minor was adjudged a ward of the court and placed in her parents' home under the supervision of the probation department.

### B. Law

The determination of whether to grant DEJ requires consideration of " 'two distinct essential elements of the [DEJ] program[:]' " eligibility and suitability. (*In re C.W.* (2012) 208 Cal.App.4th 654, 659.)

Section 790, subdivision (a) provides that a minor is eligible for DEJ if:

> "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense.

> "(2) The offense charged is not one of the offenses enumerated in subdivision (b) or [s]ection 707.

> "(3) The minor has not previously been committed to the custody of the Department of Corrections and Rehabilitation, Division of Juvenile Facilities.

> "(4) The minor's record does not indicate that probation has ever been revoked without being completed.

> "(5) The minor is at least 14 years of age at the time of the hearing.

> "(6) The minor is eligible for probation pursuant to [s]ection 1203.06 of the Penal Code.

> "(7) The offense charged is not rape, sodomy, oral copulation, or an act of sexual penetration specified in [s]ection 289 of the Penal Code when the victim was prevented from resisting due to being rendered unconscious by any intoxicating, anesthetizing, or controlled substance, or when the victim was at the time incapable, because of mental disorder or developmental or physical disability, of giving consent, and that was known or reasonably should have been known to the minor at the time of the offense."

"Once the threshold determination of eligibility is made, the juvenile trial court has the ultimate discretion to rule on the minor's suitability for DEJ. [Citation.] Suitability for DEJ is within the court's discretion after consideration of the factors

6.

specified by statute and rule of court, and based upon the standard of whether the minor will derive benefit from ' " ' "education, treatment, and rehabilitation" ' " ' rather than a more restrictive commitment." (*In re C.W.*, *supra*, 208 Cal.App.4th at p. 660.)

"[T]he court may refer the case to the probation department or the court may summarily grant [DEJ] if the minor admits the charges in the petition and waives time for the pronouncement of judgment." (§ 791, subd. (b).)

When directed by the juvenile court, "the probation department shall make an investigation and take into consideration the defendant's age, maturity, educational background, family relationships, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefited by education, treatment, or rehabilitation." (§ 791, subd. (b).)

Abuse of discretion is found when " 'the factual findings critical to its decision find no support in the evidence.' " (*In re Khalid B.* (2015) 233 Cal.App.4th 1285, 1288.) A reviewing court " 'must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them.' " (*In re Calvin S.* (2016) 5 Cal.App.5th 522, 527–528.) " ' "Substantial evidence" is evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value.' " (*In re Carlos J.* (2018) 22 Cal.App.5th 1, 6.)

In determining whether substantial evidence supports a court's decision, " ' " ' "we must examine the record presented at the disposition hearing in light of the purposes of the Juvenile Court Law." ' " ' " (*In re Nicole H.* (2016) 244 Cal.App.4th 1150, 1154.) " 'The purpose of the juvenile court law is "to provide for the protection and safety of the public and each minor …." ' " (*Ibid*.)

### C.    *Analysis*

Here, the juvenile court did not abuse its discretion when it found minor unsuitable for DEJ, as there is substantial evidence on the record to support its finding.

Minor first contends the juvenile court abused its discretion when it found her unsuitable for DEJ because it based the finding on a desire to " 'deter' " her from engaging in similar future criminal conduct.

In *Martha C. v. Superior Court* (2003) 108 Cal. App. 4th 556, the court held that the juvenile court abused its discretion in denying DEJ to the minor where the court wished to deter other minors who might engage in sophisticated drug-smuggling schemes similar to what the minor had engaged in. (*Id*. at pp. 560–561.)

However, the juvenile court here stated it found minor unsuitable for DEJ based on the "extraordinary" violence of her offense and made no reference to deterring her or others from future criminal behavior. Further, the probation report did not recommend that minor be found unsuitable for DEJ for the purpose of deterring her or other minors from future criminal behavior.

Rather, the probation department here conducted an investigation into minor's age, background, family relationships, demonstrable motivation, treatment history, and other mitigating and aggravating factors in determining she was not a person who would be benefited by education, treatment, or rehabilitation. (See § 791, subd. (b).) The probation report on which the juvenile court relied included minor's mother's statements that she was not in trouble at home and her own statement that she hoped to do better in the future, as well as that she was enrolled in independent studies. However, the report also stated that, based on minor's statements, she showed no remorse for the incident or acknowledgment that she made a mistake, arguing instead that she was simply standing up to her bullies when she and the other two minors began attacking the victims from behind. The report further noted the "callousness" of the attack and that the surveillance video footage showed minor and the other two minors attacked the victims simultaneously from behind, without any prior interaction between the groups, showing she and the other two minors engaged in some level of prior planning of the attack. The report also noted minor had already been placed on a one-year SARB contract because of

her failure to regularly attend class, and that, at the SARB hearing, she laughed and was not engaged. While minor also argues that the record shows that, at the time of the hearing, she was enrolled in independent studies, "set to pursue" anger management classes, successfully working toward her goal of returning to high school, in compliance with all of the rules and regulations of probation, and "contains no indications [minor] could not or would not benefit from the [DEJ] program," as discussed above, the probation report indicates their investigation showed otherwise. Accordingly, the court properly considered these factors included in the probation report.

Here, the juvenile court's determination that minor was unsuitable for DEJ because of the "extraordinary" violence of her offense, was not improperly based on deterring her or others from future criminal conduct. Rather, it was supported by substantial evidence in the record. Accordingly, as we " ' "indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them," ' " and review the court's findings " ' "in light of the purposes of the Juvenile Court Law" ' " (*In re Calvin S.*, *supra*, 5 Cal.App.5th at pp. 527–528) " ' "to provide for the protection and safety of the public and each minor," ' " we conclude the court did not abuse its discretion in finding minor unsuitable for DEJ. (*In re Nicole H.*, *supra*, 244 Cal.App.4th at p. 1154.)

## DISPOSITION

The disposition order is affirmed.