[Crim. No. 13127. Fourth Dist., Div. One. Sept. 18, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
WILBERT HARDGE SIMMONS, Defendant and Respondent.

COUNSEL

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman, Peter Quon and Henry R. Mann, Deputy District Attorneys, for Plaintiff and Appellant.

Frank V. Puglia for Defendant and Respondent.

OPINION

**WORK, J.**—The People appeal the section 995, Penal Code, dismissal of an arson charge on the grounds of insufficiency of evidence after the superior court ruled certain extrajudicial hearsay statements of an am-

nesiac witness qualified neither as past recollection recorded (Evid. Code, § 1237)[1] nor as prior inconsistent statements (§ 1235). The court correctly found the statements to be inadmissible hearsay and, there being no other evidence to connect the defendant with the crime, the dismissal was proper.

## I

### *Factual Background*

Wilbert Simmons was charged with fire bombing his job supervisor's home and, following a preliminary hearing, was bound over for trial.

Other than evidence of some oral threats against the victim, the only evidence connecting Simmons to the arson was the extrajudicial statement of William Jackson describing how Simmons discussed burning the home before the event, and boasted of doing so shortly afterwards. Jackson made his statement to the police, who reduced it to writing and had him sign it. Upon leaving the police station, Jackson told a third party he knew Simmons was guilty because he had tried to get Jackson to go with him.

Before the preliminary hearing Jackson received a serious head injury causing amnesia. At the time of the preliminary hearing Jackson was still under doctor's care and, while able to remember some past events, even on the days referred to in his statement to the police, he claimed no recall of any admission by Simmons, making the statement to the police, or even being contacted by them. He also claims no memory of his oral remark to the third party.

Although Jackson admitted he would have had no reason not to tell the truth if questioned by the police, and he recognized his signature affixed to the transcription, he could not say the contents were true, or even that he had made any statement whatsoever to the police.

In spite of his noting Jackson "having retrograde amnesia, he can't say whether ... [the statements] are false or true or accurate or not," the magistrate admitted the document contents as past recollection recorded. (§ 1237.)

---

[1] All references are to the Evidence Code unless otherwise specified.

The People contend the magistrate's ruling was correct and, in addition, the statement is a prior inconsistent statement and admissible substantive evidence pursuant to section 1235.

A court may allow earlier hearsay statements of a witness in evidence as proof of the truth of the matters asserted therein where they are inconsistent with matters to which the witness testifies at a judicial hearing. The inconsistency may either be express, or implied. Inconsistencies are deemed implied where the court finds a witness to be falsely claiming not to presently recall material facts in order to deliberately avoid testifying as to material matters. For instance, in *People* v. *Green* (1971) 3 Cal.3d 981 [92 Cal.Rptr. 494, 479 P.2d 998], a witness' selective amnesia resulted in his clearly remembering every event occurring concurrently with those material matters as to which he claimed not to remember. The court found his manner markedly evasive and uncooperative. The trial court expressly found these evasions to be inherently incredible and an *implied* denial of the facts contained in his earlier statements. It found his earlier statement properly admissible pursuant to section 1235. The Supreme Court agreed. (*People* v. *Green, supra*, 3 Cal.3d 981, 986-989.)

The facts of the present case are markedly different. ■ Unlike *Green*, there was no prior opportunity for confrontation and cross-examination when the prior statement was made. (*Green* involved both a prior statement made at the preliminary hearing and a statement made extrajudicially.) Here, the witness allegedly made an oral statement, which he signed after it was reduced to writing, containing purported admissions made to him by the defendant clearly identifying the defendant as the perpetrator of the arson. The witness also orally stated to a third person the defendant had made certain incriminating remarks. However, shortly after the witness allegedly made these extrajudicial statements, he suffered a serious injury to his head requiring hospitalization for which he was still being treated at the time of the preliminary examination. The witness admitted recalling certain events during the period defendant allegedly made the incriminating statements included in the witness' prior statement but claims no recall of any of the events referred to in his statements which incriminate the defendant, nor to making the statements or of the circumstances surrounding their preparation.

The People claim the record would support an inference by the magistrate to the effect the witness was being evasive because his recall is

selective. However this may be, the magistrate drew no such inference and, in fact, appears to have made a contrary finding when he stated "Well, here is a person who has what we call retrograde amnesia.... [O]f course, having retrograde amnesia, he can't say whether ... [the statements] are false, or true, or accurate or not." We are asked to disregard the distinction in *Green* and hold that any failure of recollection, legitimate or otherwise, may be deemed to be an implied inconsistency.

However, the general rule is testimony of a witness to the effect he does not remember an event is not "inconsistent" with a prior statement by him describing that event. This has been applied to the case of the truly forgetful witness. (*People* v. *Sam* (1969) 71 Cal.2d 194, 208-210 [77 Cal.Rptr. 804, 454 P.2d 700].) We recognize *Sam* involved a witness claiming no recollection whatever of the prior incident to which he was directed by questioning whereas the witness in the present case, as did the witness in *Green*, remembered certain events of the days in question. However, as *Green* points out, the witness there was equivocal and deliberately evasive as to the selected events, as contrasted with the present case where the failure of recollection is presumably genuine and completely nonvolitional. While the admissibility of a witness' prior inconsistent statements as substantive evidence does not violate the federal Constitution even though a defendant is not afforded the opportunity to contemporaneously cross-examine at the time the prior statement was made, so long as he has the ability to confront and meaningfully cross-examine the declarant at trial (*California* v. *Green* (1970) 399 U.S. 149 [26 L.Ed.2d 489, 90 S.Ct. 1930]), it is clear at minimum, the less effective, after the fact, cross-examination and confrontation is essential to due process. Here we lack either contemporaneous cross-examination or the ability to meaningfully confront and cross-examine the witness at trial.

Observing the demeanor of an amnesiac witness when questioned about that which he is incapable of recalling is as meaningless as attempting to gain information as to the truth of the unknown facts from his responses. Even *California* v. *Green's* holding rests on the assumption a meaningful trial confrontation will provide "most of the lost protections [of contemporaneous cross-examination such as oath, observance of demeanor and cross-examination.]" (*Id.*, at p. 158 [26 L.Ed.2d at p. 497].)

The confrontation clause is to assure the trier of fact has a satisfactory basis for evaluating the truth of the prior statement. (*California* v.

*Green, supra*, 399 U.S. 149, quoting *Dutton* v. *Evans* (1970) 400 U.S. 74, 89 [27 L.Ed.2d 213, 227, 91 S.Ct. 210].) Jackson's statement is inadmissible as a prior inconsistent statement under section 1235 for two reasons, (1) it is not inconsistent, and (2) admissibility would deny the defendant his constitutional right to confrontation and cross-examination.

## II

The People alternatively contend the prior written statement is admissible as prior recollection recorded. (§ 1237.) This argument fails because the statement was not qualified as such in accordance with the statutory rules set forth in that section. Preliminarily, we note section 1237 contains an assembly judiciary committee comment to the effect the Legislature felt the hearsay exception contained therein was justified because the foundational rules for admissibility would insure the trustworthiness of the statement by requiring the declarant to appear at the judicial hearing and swear to the truth of the statement at a time when he is available for cross-examination. In this case the witness did not, and was unable to, attest to the accuracy of the matters contained in his previous statement.

Section 1237 was not meant to eliminate the defendant's right to confrontation and cross-examination. Here, admissibility would be the same as if the hearsay were to be admitted without any foundation as to its veracity, and the declarant absent from the hearing. Section 1237 merely recognizes that time universally erodes human memory, although to a greater or lesser degree depending on circumstances and individual characteristics. The motive behind section 1237 is to allow previously recorded statements into evidence where the trustworthiness of the contents of those statements is attested to by the maker, subject to the test of cross-examination, a procedure not meaningfully available here. Section 1237 makes only a narrow exception to the hearsay rule consistent with trustworthiness. That it did not intend to eliminate that important requirement is evident from the comment.

In this case, the witness does not recall any event recorded in his prior statement, nor even making it or any circumstance surrounding its preparation. At best he can identify his signature affixed to the bottom of the transcription. Therefore, when he states that to the best of his knowledge he had no reason to lie when the statement was prepared, it is clear he could have stated with equal conviction to the best of his

(nonexistent) knowledge he had had ample reason to lie. The fact is, he simply has no knowledge at all. One who has no knowledge as to the truth or falsity of a representation may honestly say it is either true or false to the best of his knowledge with neither rejoinder having any evidentiary value.

The People point to the fact that in response to the leading question "To the best of your knowledge and recollection, is that statement true at this time [the written statement]?" He responded "To the best of my knowledge." In context, the response is of no evidentiary support to a finding on the truth of the factual contents in that statement; and, in any event, the indicia of reliability required to satisfy the confrontation clause, oath, cross-examination and an opportunity to examine demeanor, are completely lacking as to admissibility under section 1237 as well as section 1235.

Proof of the mere fact a witness is a neutral person without motive to falsify a statement is not sufficient to establish the trustworthiness foundation required under section 1237. (*People* v. *Blair* (1979) 25 Cal.3d 640, 665-666 [159 Cal.Rptr. 818, 602 P.2d 738].)

We affirm the order setting aside the information.

Cologne, Acting P. J., and Wiener, J., concurred.