Filed 11/20/20  In re S.G. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re S.G., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B302511 (Super. Ct. No. YJ39732) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>S.G.,<br><br>    Defendant and Appellant. | |

S.G. appeals from the judgment after the juvenile court sustained a petition for felony vandalism.  (Welf. & Inst. Code,[1] § 602; Pen. Code, § 594, subd. (a).)  The court declared S.G. a ward of the court and placed her on probation.  S.G. contends:

---

[1] Unless otherwise noted, all subsequent statutory references are to the Welfare and Institutions Code.

(1) we must remand for the trial court to consider deferred entry of judgment (DEJ), and (2) the trial court abused its discretion when it admitted a witness statement as a past recollection recorded. We agree that the case must be remanded to consider DEJ but reject the contention regarding past recollection recorded.

## FACTUAL AND PROCEDURAL HISTORY

S.G. was charged with vandalism of a vehicle causing over $400 in damage. The court file contains a Declaration of Eligibility/Deferred Entry of Judgment (Judicial Council form JV-750), signed by the district attorney's office, stating that S.G. was eligible for DEJ. (§ 790 et seq.) The file also contains a Citation and Written Notification for Deferred Entry of Judgment (form JV-751), which explains DEJ but does not state a date, time, or location for a DEJ hearing.

S.G. denied the charges at arraignment. After the court referred the case to the probation department to consider informal supervision (§ 654.2), the probation department filed a report recommending DEJ. The record does not show that the court considered DEJ before conducting the contested jurisdictional hearing.

At trial, C.N. testified that he drove his Mercedes to a house party. He knew S.G. because she previously dated his friend. At the party, C.N. saw S.G. look at him as she whispered into her sister's ear. S.G.'s sister then told C.N. that something happened to his car. He saw two key marks on the passenger door.

Police Officer Joseph Roberts testified that he responded to the party. Roberts talked to a witness, J.K., and recorded the conversation with a body camera. J.K. told Roberts that he heard S.G. say she was going to "key" the car. He said he followed her outside and saw her "key" the front passenger side of

2

the car.  Roberts observed a scratch on the front passenger door.

J.K. testified that at the time of the party, he was abusing Xanax, "which kind of wipes your memory."  As a result, he had "no actual memory of the event."  He remembered being present at the party and S.G. being taken away in a police vehicle.  He testified that he spoke to officers prior to her being arrested and told them "what [he] heard and what [he] saw."  He told police "everything that [he] remembered happened."  He was aware that police were "taking down" what he was saying for a report.

J.K. testified that he intended to be truthful and honest to the officers.  He had "no reason to fabricate it."  He had never had any type of problem with S.G., had no animosity towards her, and had no reason to want her to be arrested.  He did not know the victim before this incident.  When the prosecutor asked, "Why were you being honest?", he answered, "Because I had no reason not to be."

Before testifying, J.K. watched and heard the body camera recording of his statements.  He said in the recording that he heard S.G. say she was going to "key" the car.  He said he saw S.G. go outside and "key" a Mercedes.  However, in court, he had no independent recollection of the statements.

On cross-examination, defense counsel asked, "Do you know if you can trust yourself on Xanax to be truthful in what you're saying?"  J.K. answered, "No."  Counsel asked, "So you don't know whether or not it was a lie when you were on Xanax that night?"  J.K. answered, "I believe I was truthful, but under the influence of Xanax, I have no independent recollection."

The court sustained the petition and proceeded to disposition.  Defense counsel requested probation without wardship (§ 725) and noted that the probation department

3

originally recommended DEJ.  The court stated that DEJ was no longer available because the petition had been sustained by adjudication.

The dispositional hearing was continued and heard by another judge.  S.G.'s mother told the court, "We were offered a year ago this diversion, but she was innocent."  She also stated that a year ago, they went to "an office" and were offered "a program," but they did not take it because they had proof S.G. did not commit the offense.  The court said that the program was the JOIN program through the district attorney's office.  The court stated, "I don't agree with the [DEJ] recommendation.  This is going to be HOP [home on probation].  It's not going to be DEJ, based on what I've seen."  The court declared S.G. a ward and placed her on probation.

DISCUSSION

*Deferred entry of judgment*

S.G. contends the matter must be remanded for the juvenile court to consider her suitability for DEJ.  We agree.

DEJ allows a minor to be placed on 12 to 36 months' probation "in lieu of jurisdictional and disposition hearings." (§ 791, subd. (a)(3).)  The prosecuting attorney must review the file, and if they determine the minor is eligible, "shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and his or her attorney." (§ 790, subd. (b).)  The court may set the hearing for DEJ at the time of the initial appearance on the petition, and shall personally serve the custodial parent at least 24 hours before the hearing with a citation for the minor to appear "at the time and place set for the hearing."  (§§ 790, subd. (b), 792.)

The court may summarily grant DEJ, or may refer the matter to the probation department for investigation.  (§ 791,

4

subd. (b).) The court may grant DEJ if it determines the minor is suitable and the minor admits the allegations in the petition and waives time for pronouncement of judgment. (§§ 790, subd. (b), 791, subd. (a)(3).) If the minor successfully completes probation, on motion of the prosecution and with a positive probation department recommendation, the court shall dismiss the charges and seal the records. (§ 793, subd. (c).)

"[A] juvenile court is excused from its statutory duty to determine a DEJ-eligible minor's suitability for DEJ if the minor—after receiving notice of his or her DEJ eligibility—nonetheless rejects the possibility of DEJ by contesting the charges." (*In re C.W.* (2012) 208 Cal.App.4th 654, 662; *In re Usef S.* (2008) 160 Cal.App.4th 276, 286.) "But where, as here, the minor is not properly notified of DEJ procedures, the juvenile court may not fail to consider the minor's suitability." (*In re Trenton D.* (2015) 242 Cal.App.4th 1319, 1325.)

The record here does not show that S.G. was properly notified of her eligibility for DEJ. The court file contains form JV-750, which states that S.G. was eligible for DEJ, and a citation (JV-751) with the notifications required by section 791, subdivision (a). But the forms did not give a date, time, or location for the hearing. In addition, the box is not checked on the JV-750 that a JV-751 was attached. "[T]hese omissions . . . [are] sufficient to rebut the presumption that [S.G.] was properly advised of her DEJ eligibility either by the prosecutor or by the juvenile court." (*In re C.W., supra*, 208 Cal.App.4th at p. 661.) And although counsel mentioned DEJ at the disposition hearing, nothing in the record shows that S.G. knew about DEJ before then.

In addition, the record does not show that the court performed its "mandatory duty" to "examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ,

based upon whether the minor will derive benefit from its 'education, treatment, and rehabilitation.'" (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1243; *In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123.) At disposition, the court stated that it was denying DEJ. But because the court had no jurisdiction to offer it at that point, the denial of DEJ was not an adequate substitute for the pretrial hearing mandated by statute. (§ 791, subd. (a)(3); *In re D.L.,* at p. 1244 [minor must admit allegations in lieu of jurisdictional hearing].)

Nor did S.G. reject DEJ. Her mother said they went to an office a year earlier and were offered a program, but they declined because S.G. was innocent. But declining a district attorney's program without more cannot be deemed a rejection of DEJ. We cannot excuse compliance with the mandatory procedures based on mere speculation that if S.G. had received the required advisements, and was offered the program while represented by counsel in court, she would have declined DEJ. Accordingly, we remand so that S.G. may be properly advised of DEJ eligibility and procedures.

### Past recollection recorded

S.G. contends the trial court abused its discretion when it admitted J.K.'s statements to police pursuant to the hearsay exception for past recollection recorded. (Evid. Code, § 1237.) We disagree.

Evidence Code section 1237, subdivision (a), allows the court to admit a witness statement if it "concerns a matter as to which the witness has insufficient present recollection to enable him to testify fully and accurately, and the statement is contained in a writing which: [¶] (1) [w]as made at a time when the fact recorded in the writing actually occurred or was fresh in the witness'[s] memory; [¶] (2) [w]as made . . . (ii) by some other person for the purpose of recording the witness'[s] statement at

6

the time it was made; [¶] (3) [i]s offered after the witness testifies that the statement he made was a true statement of such fact; and [¶] (4) [i]s offered after the writing is authenticated as an accurate record of the statement."

We review for substantial evidence a trial court's conclusions regarding foundational requirements for a hearsay exception. (*People v. DeHoyos* (2013) 57 Cal.4th 79, 132.) We review the trial court's ruling admitting evidence pursuant to Evidence Code section 1237 for abuse of discretion. (*People v. Cowan* (2010) 50 Cal.4th 401, 467 (*Cowan*).)

S.G. contends there is inadequate evidence that "the witness testifie[d] that the statement he made was a true statement of such fact." (Evid. Code, § 1237, subd. (a)(3).) J.K. testified that he did not know if he could trust himself to be truthful on Xanax. But he also testified that he intended to be truthful, he believed he was truthful, and he told the officers what he heard and saw. Substantial evidence supports a finding that the witness testified his statement was true. (See *Cowan*, *supra*, 50 Cal.4th at p. 466 [statement properly admitted although witness admitted his memory was "jumbled" and "scrambled" because of drugs].)

The record does not show that the *only* things J.K. could remember were being at the party and seeing police take S.G. away. He testified that he spoke to officers and told them what he heard and saw. Like the past recollection admitted in *People v. Sanchez* (2019) 7 Cal.5th 14, 41, J.K. did not remember what he told police, but testified he talked to the police and told them the truth. (See *Cowan, supra*, 50 Cal.4th at p. 464 [witness "'would not have remembered any'" of the facts in the interview transcript].)

Exclusion of the statement is not mandated by *People v. Simmons* (1981) 123 Cal.App.3d 677 (*Simmons*). There, after

7

making a transcribed statement to police, the witness suffered a head injury causing amnesia. (*Id*. at p. 679.) "[H]e could not say the contents were true, or even that he had made any statement whatsoever to the police." (*Ibid*.) He did "not recall any event recorded in his prior statement, nor even making it or any circumstance surrounding its preparation." (*Id*. at p. 682.) The Court of Appeal held that the statement was not admissible pursuant to Evidence Code section 1237, based in part on the confrontation clause. (*Id*. at p. 683.) In contrast here, J.K. testified that he gave a statement to police, and he told them "everything that [he] remembered happened."

Moreover, *Simmons* was abrogated by *United States v. Owens* (1988) 484 U.S. 554, which held the right to confront witnesses was not violated by admission of a pretrial identification by a witness who could not remember the identification at trial. *Owens* "squarely rejected" the confrontation clause violation found in *Simmons*. (*Cowan*, *supra*, 50 Cal.4th at p. 468.) Accordingly, "*Simmons* is not of any precedential value." (*People v. Gunder* (2007) 151 Cal.App.4th 412, 419, fn. 7.)

We conclude that the trial court did not abuse its discretion in admitting testimony based on J.K.'s recorded statement.

DISPOSITION

We set aside the order sustaining the petition and the dispositional order. The matter is remanded for further proceedings pursuant to Welfare and Institutions Code section 790 et seq. S.G. shall receive the statutory notifications

8

regarding DEJ.  If the juvenile court denies DEJ, it shall reinstate the jurisdictional and dispositional orders.

<u>NOT TO BE PUBLISHED.</u>


TANGEMAN, J.

We concur:



GILBERT, P. J.



PERREN, J.

9

David S. Wesley, Judge

Superior Court County of Los Angeles

_____

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.